UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY A. MARTIN,

       Plaintiff,

                                              Case No. 12-14773

v.

                                              Paul D. Borman
                                              United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                              Michael Hluchaniuk
                                              United States Magistrate Judge

       Defendant.
_____/

ORDER GRANTING PLAINTIFF'S UNOPPOSED APPLICATION FOR ATTORNEY'S
FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (ECF NO. 28); AND AWARDING
PLAINTIFF $7,687.54 IN FEES UNDER THE EAJA

       On March 18, 2014, this Court adopted Magistrate Judge Michael Hluchaniuk's Report and Recommendation reversing and remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).  (Order, ECF No. 26).  A final judgment was also entered on March 18, 2014.  (ECF No. 27).  Now before the Court is Plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (ECF No. 28).  Defendant Commissioner filed a response to Plaintiff's application stating that it did not oppose Plaintiff's application for fees in this matter.  (ECF No. 31).  For the reasons that follow the Court shall GRANT the Plaintiff's application for EAJA attorney fees and expenses.

A.      Request for EAJA fees

       The EAJA is a fee shifting statue enacted by Congress.  *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986).  The EAJA provides in relevant part:

       Except as otherwise specifically provided by statute, a court shall award to a
       prevailing party other than the United States fees and other expenses ... incurred

> by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified', and (3) no special circumstances made an award unjust." *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (quoting *I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)).

In the present action, the Court finds that Plaintiff is a prevailing party as defined by the EAJA. The statute provides that a party is "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). The Court notes that Defendant has not contested this fact and that Magistrate Judge Hluchaniuk previously granted Plaintiff's request to proceed without payment of fees. (ECF No. 5, Order granting Application). Plaintiff's request to proceed without payment of fees included an affidavit indicating that her net worth was no more than $600.00. (ECF No. 2, Application for Wavier of Fees, at 2, Plaintiff attested she had no assets and only $600.00 in a checking account.); *see U.S. v. Heavrin*, 330 F.3d 723, 731-33 (6th Cir. 2003) (holding fee waiver applicant's affidavit providing his net worth was less than 2 million dollars was *prima facie* proof of the applicant's status as a "party" under the EAJA).

To be considered a "prevailing party" pursuant to the EAJA, a party must secure an enforceable judgment on the merits or a court-ordered consent decree that "create[s] the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Marshall*, 444 F.3d at 840 (citation omitted). In the context of a Social Security case brought pursuant to § 405(g), the Supreme Court has held that a plaintiff who secures a Sentence

Four remand directing further administrative proceedings is considered a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). As this action was remanded pursuant to Sentence Four, Plaintiff is considered a "prevailing party". (*See* ECF No. 27).

The third inquiry is whether the Defendant Commissioner's position was "substantially justified". "The government's position is substantially justified if it is 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonably person." *Glenn v. Comm'r of Soc. Sec.*, --- F.3d ---, 2014 WL 3931081 (6th Cir. Aug. 13, 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Pursuant to the EAJA, "[t]he government bears the burden of proving that a given position was substantially justified, and it discharges that burden by proving that the position had a reasonable basis both in law and fact." *DeLong*, 748 F.3d 723, 725-26 (6th Cir. 2014). By acquiescing in Plaintiff's application for EAJA fees (ECF No. 31), Defendant Commissioner does not attempt to carry its burden in establishing its position was "substantially justified." Therefore, the Court finds that Defendant Commissioner has conceded that its position in this action was not substantially justified.

Finally, the last inquiry is whether any special circumstances exist such that an award of fees and expenses would be rendered unjust. Here, Defendant Commissioner has not alleged any such special circumstances exist, and the Court does not perceive any such circumstances in the record.

Accordingly, the Court will grant Plaintiff's request for fees under the EAJA.

B.     Reasonableness of Attorney Fees

The EAJA permits the award of "reasonable" attorney fees. *See* 28 U.S.C. §

2412(d)(2)(A). Plaintiff bears the burden of proving the reasonableness of the fees requested. *Hensely v. Eckerhart*, 461 U.S. 424, 437 (1983). The EAJA provides that attorney fees are based upon prevailing market rates, but caps an attorney's hourly rate at $125 per hour, "*unless* an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). An attorney may only recover fees related to the litigation process, but this includes the EAJA application process. 28 U.S.C. § 2413(a)(1); *see also Jean*, 496 U.S. at 162.

Plaintiff has requested fees for 38.8 attorney hours, 2.36 law clerk with a J.D. hours, and 3.47 paralegal hours, for a total fee request of $7,687.54. Plaintiff seeks to recover at a rate of $178.77 per hour for attorney work performed in 2012, $181.60 per hour for attorney work done in 2013, and $184.50 for attorney work performed in 2014. Plaintiff further requests a rate of $125 per hour for the law clerk with a J.D.'s work and a rate of $100 per hour for the work completed by the paralegal.

When an attorney requests a fee in excess of $125 per hour, as Plaintiff's counsel has requested in this action, the claimant bears the burden of providing appropriate evidence to support the increase. *Bryant v. Comm'r of Soc. Servs.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (citation omitted). In the instant action Plaintiff has attached the Consumer Price Index for the Detroit – Ann Arbor – Flint area. (Pl.'s Br., Ex. A, Aug. 2013 Consumer Price Index). Plaintiff notes that her requested rates represent the cost of living adjustments allowed by 28 U.S.C. § 2413(d)(2)(A)(ii)

when employing the 'all items' figured as provided by the Consumer Price Index. Plaintiff has also attached a personal affidavit from her counsel supporting the request for fees, noting he has been practicing law for 40 years. Additionally, Plaintiff attached the affidavit of Dannelly Smith, a non-attorney who has represented claimants before the Social Security Administration for more than thirty years, and the affidavit of attorney Evan Zagoria, who previously litigated Social Security matters in Michigan. (Pl.'s Br. at 5 n. 1; Ex. D). The Court notes that these affidavits support Plaintiff's proposition that there is a limited availability of qualified attorneys willing to litigate Social Security appeals in Federal Court. *See Darling v. Comm'r of Soc. Sec.*, 2012 WL 4759203, at *2-3 (E.D. Mich. Oct. 5, 2012) (finding these exact affidavits constituted sufficient evidence to conclude plaintiff met his burden of showing that a "special factor" (a limited availability of qualified attorneys) justified an adjustment of the EAJA attorney fee."); *see also Crooks v. Comm'r of Soc. Sec.*, slip copy, 2014 WL 3400697, at *5-6 (E.D. Mich. July 10, 2014) (order adopting Magistrate Judge's recommendation relying on the same affidavits to justify an increase under the EAJA). Finally, the Court notes that the hourly rates requested for the law clerk with a J.D. ($125 per hour) and paralegal ($100 per hour) are reasonable. *See Crooks*, slip copy, 2014 WL 3400697, at *5-6 (finding that a fee of $125 per hour for law clerk with J.D. was reasonable, relying on *Ralston v. Astrue*, 2011 WL 7299836, at *6 (E.D. Mich. Aug. 30, 2011) (finding same, collecting cases)).

    The Court also finds that the number of hours Plaintiff has claimed are reasonable and supported by detailed notations which do not evidence any duplicative, repetitive or unnecessary time. (*See* Pl.'s Br., Ex. B, Time Log).

    Additionally, the Court notes that in assessing a fee determination, courts have found it

useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). Here, the Defendant Commissioner does not contest the reasonableness of the rates requested or the number of hours Plaintiff submits her counsel logged.

According, for all the reasons set forth above, the Plaintiff's uncontested application for attorney fees pursuant to the EAJA (ECF No. 28) is GRANTED and Plaintiff shall be awarded $7,687.54 in attorney fees as requested.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2014.

s/Deborah Tofil
Case Manager